IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-331-BO
No. 5:11-CV-471-BO

| | |
|---|---|
| ANTONIO CAMERON, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 77]. Respondent has filed a Motion to Dismiss [DE 84], to which Petitioner has not responded.

## BACKGROUND

On June 16, 2008, Petitioner pleaded guilty pursuant to a plea agreement to one count of possessing access devices in violation of 18 U.S.C § 1029(e)(1)-(3) (count one) and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A (count two). Petitioner was sentenced by this Court on September 10, 2008, to a term of 120 months imprisonment and twenty-four months imprisonment, consecutive. Petitioner appealed, and the Court of Appeals affirmed Petitioner's convictions but vacated his sentence and remanded to this Court for re-sentencing on count one. On January 15, 2010, this Court re-sentenced Petitioner to a term of sixty months imprisonment and twenty-four months imprisonment, consecutive. Petitioner appealed, and the Court of Appeals affirmed this Court's sentence by opinion entered February 9,

2011. Petitioner then timely filed the instant motion pursuant to 28 U.S.C. § 2255 on September 7, 2011. Respondent moved to dismiss Petitioner's § 2255 petition on October 4, 2011. Petitioner was notified by letter from the Clerk of Court of his right to respond on October 5, 2011. To date, Petitioner has not responded to the motion to dismiss.

## DISCUSSION

Petitioner requests that this Court vacate his conviction for aggravated identity theft in light of the Supreme Court's decision in *Flores-Figueroa v. United States*, 129 S.Ct. 1886 (2009). In support of his request, Petitioner asserts that his re-sentencing counsel was ineffective in failing to investigate the applicability of one of Petitioner's prior convictions in light of *Flores-Figueroa*, that his re-sentencing counsel was ineffective and violated Petitioner's Fifth and Sixth Amendment rights in failing to raise the applicability of *Flores-Figueroa* to Petitioner's aggravated identity theft conviction and in failing to properly represent Petitioner at critical stages of his proceedings, and that the Court abused its discretion in its re-sentencing of Petitioner. Each of these grounds, in essence, is an outgrowth of Petitioner's argument that the holding in *Flores-Figueroa* necessitates that Petitioner's conviction for aggravated identity theft be vacated.

In *Flores-Figueroa*, the Supreme Court held that in order to convict a defendant of aggravated identity theft the government must prove that the defendant *knew* that the means of identification unlawfully transferred, possessed, or used did actually belong to another person. Thus, Mr. Flores-Figueroa, who had been convicted at trial after the government proved that he possessed means of identification that did not actually belong to another person, was no longer guilty of aggravated identity theft.

Petitioner pleaded guilty to one count of aggravated identity theft before this Court, wherein he affirmed both the knowing and voluntariness of plea as well as his guilt. At Petitioner's plea hearing, Respondent's factual recitation specifically included that credit cards had been "issued in the names of other individuals who are real individuals" [DE 44, Hr'g Tr. at 8]. Nothing, however, in Petitioner's Rule 11 plea colloquy reveals that the government's evidence would have shown that Petitioner *knew* that the access devices he possessed actually belonged to real people. The Supreme Court's decision in *Flores-Figueroa* clarifying the elements of aggravated identity theft was handed down after Petitioner pleaded guilty and noticed his first appeal.

The Court finds that Petitioner has made at least a colorable claim that *Flores-Figueroa* may in fact require a re-visitation of Petitioner's plea of guilty to count two, or that counsel was ineffective in failing to raise the issue on appeal. Although the Court notes that, even if *Flores-Figueroa* is applicable in this matter, Petitioner will have to meet a difficult burden to show that either his guilty plea was not knowing or voluntary or that counsel was ineffective, it finds that Petitioner should be allowed to attempt to meet this burden with the assistance of counsel. *See Bousley v. United States*, 523 U.S. 614 (1998).

## CONCLUSION

Accordingly, the Court hereby APPOINTS counsel to Petitioner to assist him with his claim pursuant to 18 U.S.C. § 3006A. The Clerk is DIRECTED to serve a copy of this order on the Office of the Federal Public Defender. Petitioner shall have twenty (20) days from the date upon which counsel files a notice of appearance to respond to Respondent's Motion to Dismiss.

3

Respondent shall be afforded time to reply in accordance with the Federal Rules of Civil Procedure.

SO ORDERED, this 14 day of February, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE